IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISON

| | | |
|---|---|---|
| Wendy Iacobucci, | ) | 2:18-CV-00152-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S MEMORANDUM** |
| vs. | ) | **IN SUPPORT OF MOTION TO** |
| | ) | **COMPEL AND SET REASONABLE** |
| Town of Bonneau, Bonneau Police | ) | **FEE FOR DEPOSITION OF** |
| Department, Franco Fuda | ) | **DEFENDANTS' EXPERT WITNESS** |
| | ) | |
| | ) | |
| Defendants. | ) | |

  The Plaintiff, Wendy Iacobucci, submits the following Memorandum in Support of her Motion to Compel and Set a Reasonable Fee for the Deposition of Defendants' Expert Witness, Major Brian Batterton.  Plaintiff respectfully requests that the Court issue an Order requiring Maj. Batterton to proceed with his deposition as scheduled without insisting on prepayment of a $2,500.00 flat fee; requiring Maj. Batterton to submit an invoice to Plaintiff's counsel following the conclusion of his deposition based upon the amount of time actually spent being deposed at a reasonable rate of $250.00 per hour; and allowing the Plaintiff to proceed with depositions and discovery in this case without regard to the status of the pending Motion to Amend the Complaint.

  **I. Background**

  The parties agreed to schedule the deposition of Defendants' expert witness, Major Brian Batterton, for September 13, 2018.  The Plaintiff issued a notice of deposition and subpoena for Maj. Batterton on August 20, 2018. (Attached hereto as Exhibit 1).  Counsel for Defendant Fuda informed Plaintiff's counsel that Maj. Batterton requires prepayment of a flat fee of $2,500 to appear at depositions.  Counsel for the Plaintiff requested that Maj. Batterton allow Plaintiff to proceed with his deposition without prepayment of this flat fee and that he then bill Plaintiff a

1

reasonable hourly rate at the conclusion of the deposition, based upon the time actually spent being deposed. In a further attempt to resolve the issue, Plaintiff's counsel then offered to prepay $750.00 to Maj. Batterton based upon an expected deposition length of 3 hours and a $250 hourly fee, as set forth in Maj. Batterton's CV (Attached hereto as Exhibit 2). Counsel for Defendant Fuda stated that Maj. Batterton would not agree to proceed under these parameters and was insisting on prepayment of the $2,500 flat fee. Additionally, counsel for Defendant Fuda stated that it would not be appropriate for the Plaintiff to proceed with this deposition until the Court has ruled on our Motion to Amend the Complaint (See ECF No. 38).

## II.    Prepayment of Deposition Fee

Counsel for Defendant Fuda has informed Plaintiff's counsel that Maj. Batterton requires prepayment of a flat fee of $2,500 to appear at depositions. Plaintiff's counsel is unaware of any requirement in the Federal Rules of Civil Procedure or the Local Civil Rules for the United States District Court District of South Carolina that a party must prepay an opposing party's expert witness. To the contrary, it appears that the great weight of the authority that exists on this issue holds that no such prepayment is required when deposing an opposing party's expert witness.

"Under Federal Rule of Civil Procedure 26(b)(4)(E), the party seeking discovery must, unless manifest injustice would result, pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D). The rule does not require the party seeking discovery to prepay the expert's fees."  Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co., No. 11-10658, 2011 U.S. Dist. LEXIS 110584, at *2 (E.D. Mich. Sep. 28, 2011). As such, the court held that the expert witness was entitled only to a reasonable fee for the time actually spent in the deposition and ordered the expert to appear for his deposition as currently scheduled without prepayment.

The position that an expert witness may not require prepayment of a flat fee prior to sitting for a properly noticed deposition finds support from courts across the country. See, e.g., McGowan v. Samoraj, 2010 Fla. Cir. LEXIS 2286 (compelling an expert witness to appear for deposition pursuant to subpoena without preconditioning his appearance on the prepayment of any expert witness fee); Spencer-Martin v. Exxon Mobil Corp., No. 16-789-SDD-RLB, 2017 U.S. Dist. LEXIS 150057, at *4-5 (M.D. La. Sep. 15, 2017)  (a party's "obligations to pay a reasonable amount for time spent in responding to discovery only becomes due after [the expert witness] prepares for and attends his deposition."); Krantz v. State Farm Fire and Cas. Co., No. 16-mc-7248, ECF No. 7 (E.D. La. June 8, 2016).  (expert fees are only paid for time spent in responding to discovery and requiring up-front payments without reference to time actually spent in responding to discovery is contrary to the law.); Kramer v. Hartford Ins. Co., No. 812-1824, 2013 U.S. Dist. LEXIS 199245, 2013 WL 12155927, at *1 (M.D. Fla. Apr. 30, 2013).  ("prepayment of expert witness fees . . . is inappropriate under the Federal Rules of Civil Procedure"); Conte v. Newsday, Inc., No. CV 06-4859 (JFB) (ETB), 2011 U.S. Dist. LEXIS 88546, 2011 WL 3511071, at *2 (E.D.N.Y. Aug. 10, 2011) (finding that a motion seeking prepayment for an expert's deposition was premature because the Rule "clearly contemplates that a court order will be issued subsequent to the deposition"); Parkland Venture, LLC v. City of Muskego, No. 09-C-0972, 2010 U.S. Dist. LEXIS 127230, 2010 WL 4723411, at *2 (E.D. Wis. Nov. 15, 2010) (denying the motion requiring defendants to pay expert fees in advance); Harris v. Costco Wholesale Corp., 226 F.R.D. 675, 676 (S.D. Cal. Mar. 15, 2005) (stating that the Rule does not require the expert fees be paid prior to the deposition unlike ordinary witness fees); Ratliff v. Baan Co., N.V., No. 1:99-CV-2455-WBH, 2003 U.S. Dist. LEXIS 27797, 2003 WL 25774909, at *1 (N.D. Ga. Nov. 5, 2003) (concluding that after the expert's deposition, the expert can submit a bill to be paid for the

deposition); Woodyard v. Provident Life & Accident Ins. Co., No. Civ. A. 97-2062, 1998 U.S. Dist. LEXIS 4129, 1998 WL 158744, at *3 (E.D. La. Mar. 30, 1998) (denying the motion to set an expert's fee because the motion requests a flat fee to be paid in advance of the deposition without reference to "time spent" as enunciated in the Rule).

In light of the forgoing, the Plaintiff respectfully requests that the Court require Maj. Brian Batterton to attend his deposition without insisting on the prepayment of a $2,500.00 flat fee.

### III.     Reasonableness of Deposition Fee

Plaintiff's counsel is also challenging the reasonableness of the $2,500.00 flat fee required by Maj. Batterton.  A flat fee in this amount is arbitrary and bears no reasonable relationship to the amount of time actually spent being deposed.  It is anticipated that the deposition of Maj. Batterton will take approximately two to three hours, absent any unforeseen issues.  Maj. Batterton has set forth his hourly rate in his CV as $250.00 per hour.  Plaintiff's counsel is willing to pay $250.00 per hour for Maj. Batterton's deposition testimony, which is a reasonable fee that bears a relationship to the amount of time spent responding to discovery pursuant to the Federal Rules of Civil Procedure.

"The court has discretion to set reasonable expert fees under Rule 26." Fiber Optic Designs. Inc. v. New England Pottery, LLC, 2009 LEXIS 119669, *9 (Dec. 4, 2009). "Ultimately, the burden of proving the reasonableness of an expert's fees lies with the party seeking reimbursement." Id. at *10. "[T]he mandate of Rule 26(b)(4)(C) is not that an adverse expert will be paid his heart's desire, but that he will be paid a 'reasonable fee.'" Anthony v. Abbot Labs., 106 F.R.D. 461,465 (D.R.I. 1985). "Ideally, Rule 26 seeks to calibrate the fees so that plaintiffs will not be hampered in efforts to hire quality experts, while defendants will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." Hurst v.

4

United States, 123 F.R.D. 319, 320 (D.S.D. 1988); see also 11-1 Bender's Forms of Discovery Treatise § 1.54 (2009); Mathis v. NYNEX, 165 F.R.D. 23, 24 (E.D.N.Y. 1996). Many courts that have addressed this issue (including a North Carolina District Court) have recognized seven factors to be considered in determining whether or not an expert fee is reasonable:

> (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance for the court in balancing the interests implicated by Rule 26.

Massasoit v. Carter, 227 F.R.D. 264 (M.D.N.C. 2005) (quoting U.S. Energy Corp. v. Nukem, Inc., 163 F.R.D. 344 (D. Colo. 1995); Jochims v. Isuzu Motors, Ltd., 141 F.R.D. 493 (S.D. Iowa 1992)).

In Massasoit v. Carter, 227 F.R.D. 264 (M.D.N.C. 2005), the plaintiffs filed a motion for the court to determine the reasonable fee for an expert deposition where the expert intended to charge a flat rate fee of $2,000.00. The expert at issue was a nationally renowned law enforcement expert. The plaintiffs stated they noticed the deposition to take place at the expert's office and only requested the expert reserve two to three hours for the deposition. The North Carolina District Court examined the above-referenced factors and held there was no reasonable basis for the expert's $2,000.00 fee at his own office. In light of the plaintiff's statement that the deposition would last no longer than two to three hours, the expert's flat rate fee potentially amounted to more than $600.00 per hour. The court found this to be "exorbitant" and held $250.00 per hour to be a reasonable amount, considering that is his general fee for consultation, investigation, and preparation. Id. at 267. "Courts must be on guard against exorbitant expert fees, and retain the ultimate responsibility to keep litigation costs from becoming unreasonable." Id. (citing Edin v. Paul Revere Life Ins. Co., 188 F.R.D. 543 (D. Ariz. 1999). The Massasoit court noted that its

5

holding might differ if the deponent had been "the physician who may have to block out time when he or she could see patients," which is obviously not an issue in the instant case. Id.

In Goldwater v. Postmaster Gen'l of the U.S., 136 F.R.D. 337 (D.Conn. 1991), a psychiatrist expert charged $450 per hour for deposition and trial testimony, while charging only $150 per hour for everything else. Although the court recognized that the expert was a busy psychiatrist and that the cost of living and practicing medicine in Hartford, Connecticut was relatively high, it found the requested fee to be extravagant. The court thus awarded the expert $200 per hour as "a rate consistent with the rates charged by other psychiatrists who have performed services for parties in this court." Id. at 340.

In Jochims v. Isuzu Motors. Ltd., 141 F.R.D. 493 (S.D. Iowa 1992), the court reduced the expert's fee from his requested $500 per hour to $250 per hour. The expert at issue was an associate professor of mechanical and aerospace engineering with "impressive" qualifications and credentials. Nonetheless, the court found his fee to be "grossly excessive . . . unconscionable and astronomical," noting that it was double the highest hourly rate he was charging the plaintiff. Id. at 496. The court stated that the expert's requested $500 per hour fee was "an unfortunate example of the concerns expressed by the courts and Congress regarding the escalating costs of civil litigation in the federal courts." Id. at 497. The court thus had "no trouble" reducing the fee to $250 per hour. Id.

In Dominquez v. Syntex Labs, Inc., 149 F.R.D. 166 (S. Ind. 1993), the court discussed whether a neurologist's $800 to $860 per hour deposition fees were reasonable. The defendant challenged the fee and presented evidence of seven similar experts from around the country, which demonstrated that the maximum fee was $300 per hour. The court considered this, along with the seven above-mentioned factors, and reduced the fee to $341.50 per hour. The court noted,

6

"apparently the litigious nature of society has caused litigation participants to forget the adage 'an honest day's work for an honest day's pay.'" Id. at 170. "This court is not so naive as to overlook the strain of esurience which sometime seems to infect certain physicians when they become involved as experts in the litigation process." Id. at 170-71.

In Anthony v. Abbot Labs., 106 F.R.D. 461 (D.R. 1985), the District Court of Rhode Island took issue with a physician expert's $420 per hour deposition fee. The court reduced the fee to $250 per hour as "the outermost periphery of the range of sustainable awards." Id. at 466. In so doing, the court stated that the expert's requested rate "is not merely high – it is astronomical." Id. The rate is "so out of touch with the economic realities of the world beyond high-stakes personal injury litigation that it would be a denial of justice to permit it to stand." Id. "Such an extravagant rate offends the conscious of this court[.]" Id. The court noted that, based on a standard 40-hour work week. a rate of $420 hourly rate would produce an income to the expert of $840,000 annually. Id. at 464. The physician "may well be a genius in his field, but this court cannot find that even so important and prestigious a profession as medicine has a right to command such exorbitant awards." Id. In comparison, if Maj. Batterton were paid $2,500 per day, worked five days and week and worked 50 weeks a year, his annual compensation would total $625,000. His request for a flat fee payment of $2,500 is clearly excessive.

Additionally, Counsel for Defendant Fuda has stated that Maj. Batterton intends to charge the Plaintiff for the time he spends preparing for his deposition. Plaintiff takes the position that she is not responsible for paying for Maj. Batterton deposition preparation. Plaintiff is only responsible for paying a reasonable hourly rate for the time Maj. Batterton spends actually being deposed. In Owners Ins. Co. v. Warren Mech., LLC, 2017 U.S. Dist. LEXIS 160474, *35 (D.S.C. Sept. 29, 2017), Judge Norton held that "it is the duty of the party retaining the expert witness to

prepare their witness for deposition and trial." Judge Norton further stated, "it is unreasonable" to require the deposing party to pay for an adverse expert's deposition preparation time. Id.

In light of the forgoing, the Plaintiff respectfully requests that the Court require Maj. Batterton to submit an invoice to Plaintiff's counsel following the conclusion of his deposition based upon the amount of time actually spent being deposed and not for time spent preparting for the deposition at a reasonable rate of $250 per hour.

### IV.     Ability to Proceed with Depositions While Motions Pending

Counsel for Defendant Fuda has stated that it would not be appropriate for the Plaintiff to proceed with this deposition until the Court has ruled on Plaintiff's Motion to Amend the Complaint. Plaintiff's Counsel is unaware of any requirement in the Federal Rules of Civil Procedure or the Local Civil Rules for the United States District Court District of South Carolina that states that an expert witness is not required to appear for a properly noticed deposition, for which he is under subpoena, under these circumstances. Furthermore, Plaitniff's counsel is unaware of any prejudice that could result from proceeding with this deposition as scheduled. The Court and counsel for all parties have been provided with the current First Amended Complaint, as well as the Proposed Second Amended Complaint that was submitted with our Motion to Amend the Complaint and Memorandum in Support. The Defendants are fully aware of the facts, causes of action, injuries, and damages alleged by the Plaintiff in both pleadings. Counsel for the Defendants are able to adequately prepare their expert for his deposition based upon the filings without regard to whether or not the Court has granted or denied the motion.

In light of the forgoing, the Plaintiff respectfully requests that the Court allow the Plaintiff to proceed with depositions and discovery in this case without regard to the status of the pending Motion to Amend the Complaint.

## V. Conclusion

Plaintiff respectfully requests that the Court issue an Order requiring Maj. Batterton to proceed with his deposition as scheduled without insisting on prepayment of a $2,500.00 flat fee; requiring Maj. Batterton to submit an invoice to Plaintiff's counsel following the conclusion of his deposition based upon the amount of time actually spent being deposed at a reasonable rate of $250.00 per hour; and allowing the Plaintiff to proceed with depositions and discovery in this case without regard to the status of the pending Motion to Amend the Complaint.

(*signatures on following page*)

CLAWSON FARGNOLI, LLC


/s/ Samuel R. Clawson, Jr.
Samuel R. Clawson, Jr. (Fed. ID No. 11850)
Christy R. Fargnoli (Fed. ID No. 10364)
474 King Street, Suite D
Charleston, South Carolina 29403
(843) 970-2700
christy@clawsonfargnoli.com
sam@clawsonfargnoli.com

Attorneys for Plaintiff

Charleston, South Carolina
August 27, 2018

WHITE, DAVIS, AND WHITE LAW FIRM


/s/ Kyle J. White
Kyle J. White (Fed. ID No. 11774)
209. E. Calhoun St.
Anderson, SC 29621
(864) 231-8090
kyle@wdwlawfirm.com

Attorney for the Plaintiff

Anderson, SC
August 27, 2018