IN THE MATTER OF

# Iacobucci

VS

# Town of Bonneau, et al.

TRANSCRIPT OF DEPOSITON OF

# Brian S. Batterton

On October 4, 2018

———————————————————————

*Reported by* Jennifer D. Hamon
*Certified Court Reporter*

———————————————————————



**DONOVAN REPORTING & VIDEO CONFERENCING**
*Certified Court Reporters*
237 Roswell Street / Marietta, GA 30060
770.499.7499   800.547.1512
**Book online at <www.donovanreporting.com>**

Brian S. Batterton    Iacobucci vs Town of Bonneau, et al.    October 4, 2018

15 (Pages 45 to 48)

45

1  probable cause. I stick with, like in this case,
2  for example, that I believe that Chief Fuda acted
3  consistent with generally accepted police
4  practice and training mandates and legal mandates
5  in his belief that he could make an arrest of
6  Ms. Iacobucci, but I try to shy away from saying
7  whether or not I believe there was actually
8  probable cause.
9      Q   And you would agree, obviously, that
10 one of the elements that the Plaintiff has to
11 prove in this case is that the arrest -- in terms
12 of the false arrest claim and malicious
13 prosecution, that there was not probable cause
14 for the arrest; right?
15         MR. PLYLER: Object to the form.
16         You can answer.
17     A   That's one of the things that the
18 Plaintiff has to prove. But the other thing is
19 that no reasonable officer would be able to
20 conclude that there was probable cause. So I
21 believe that it is appropriate for me to opine
22 whether a reasonable officer in that situation
23 could believe that he was acting appropriately.
24     Q   And with probable cause?
25     A   Well, that would be acting

46

1  appropriately.
2      Q   And that's essentially, in terms of
3  what you are opining in this case and how it has
4  been -- the type of opinions that you're giving
5  has been adjusted since Newkirk, that would
6  essentially be it in a nutshell; right?
7          MR. PLYLER: Object to the form.
8          You can answer.
9      A   As far as the way I characterize my
10 opinions so as not to intrude into the judge's
11 territory, absolutely, that would -- that's what
12 I have changed is I stick much more toward the
13 police practice aspect and what a reasonable
14 officer would think in a certain situation based
15 on the totality of the circumstances.
16     Q   And do you intend to tell the jury, if
17 you're allowed to do so, that a reasonable
18 officer in Fuda's position in this case would
19 have concluded that he had probable cause to make
20 the arrest?
21     A   I believe that a reasonable officer in
22 this situation would have concluded that he was
23 acting consistent with generally accepted police
24 practice and legal mandates in making the arrest.
25     Q   And legal mandates obviously don't

47

1  allow you to make an arrest without probable
2  cause; right?
3      A   Correct.
4      Q   So if your opinion is that Mr. Fuda
5  was acting in compliance with legal mandates at
6  the time he made the arrest, then that would
7  necessarily involve that he was making the arrest
8  with probable cause?
9          MR. CLEMENT: Objection to form.
10     Q   Right?
11     A   It would mean that I'm opining that
12 he -- that another reasonable officer could
13 believe that.
14     Q   And when you say that, just so the
15 record's clear, would believe that he had
16 probable cause to make the arrest; right?
17         MR. PLYLER: Objection.
18     A   Yes, that another reasonable officer
19 could conclude that the officer had probable
20 cause to make the arrest.
21     Q   Have you been qualified as an expert
22 in any cases since portions of your opinions were
23 excluded in the Newkirk case?
24     A   I don't know. I don't know the dates
25 on the Newkirk case versus this other -- these

48

1  other cases.
2      Q   Can you think of any testimony that
3  you've given at trial since the Newkirk case?
4      A   Like I said, I don't know. I'm just
5  not clear on the dates of the trials and the
6  Newkirk case.
7      Q   How would we be able to find that out?
8  Because as we discussed earlier, we're entitled
9  to know the testimony you've given for the last
10 four years. And right now I'm trying to --
11     A   I guess looking at the docket for
12 those cases and when they came to trial and when
13 the judge signed the order on the Enzor case. I
14 don't have access to some of those systems in
15 South Carolina that you would.
16     Q   I'll see if I can find us a date on
17 the Newkirk opinion.
18     A   I know the South Carolina -- if I may?
19     Q   Please.
20     A   The South Carolina versus -- let me
21 find the name of the case.
22     Q   The Beaufort case?
23     A   No. The Rene Shelley as Personal
24 Representative for the Estate of Lindler versus
25 South Carolina DPS, that was not a probable cause